IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00671-JLK-MJW

PAMELA J. SCHROEDER,

    Plaintiff

v.

ALLSTATE INSURANCE COMPANY,

    Defendant

_____

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT
_____

Kane, J.

    Plaintiff and Defendant have each moved for summary judgment. Plaintiff's motion is for partial summary judgment holding that the settlement agreement entered into between Plaintiff and Defendant was a partial release intended only to release Defendant of liability for Plaintiff's Uninsured Motorist Claim (UIM) and did not preclude Plaintiff from seeking relief for other claims not covered by the release, including extra contractual claims for common law bad faith handling of the UIM claim, punitive damages, statutory damages and penalties, attorney fees and interest. Defendant moves for summary judgment of dismissal of all Plaintiff's claims on the grounds that the release executed by the parties was for a release of all claims against Defendant for a specified sum.

    The relevant paragraph in the Release document is:

> In consideration of the payment of Seventy thousand three hundred seventy five ($70,375.00) Dollars by Allstate, the receipt of which is hereby acknowledged, the undersigned hereby forever releases and discharges Allstate from any and all liability and from any and all contractual obligations whatsoever under the coverage designated above of Policy No. 1007811819 issued to Pamela J. & Edgar J. Schroeder by Allstate and arising out of bodily injury sustained by Pamela J. Schroeder due to an accident on or about the 2nd day of September, 2004.

The alleged claims for bad faith, punitive damages, statutory damages and penalties, attorney fees and interest arise out of the accident on or about the 2nd day of September and occurred before the settlement agreement was signed and the amount paid on December 22, 2008, after a law suit was filed by Plaintiff against Defendant on August 28, 2008.  The settlement check endorsed by the Plaintiff states on its face: "IN PAYMENT OF: FULL AND FINAL SETTLEMENT FOR ANY AND ALL CLAIMS, KNOWN AND UNKNOWN, ARISING FROM BODILY INJURY UNDER UIM COVERAGE CAUSED BY MVA OF 9/2/04.

First, the law favors settlements.  Settlement agreements will be enforced to the full extent possible unless the language of the settlement agreement contains ambiguity going to the essence of the agreement or, for some other reason such as fraud or mistake, there is not a meeting of the minds sufficient to achieve a binding agreement.  No such ambiguity occurs here.

Second, Plaintiff could have, but did not, refuse to sign a release for payment of UIM proceeds (once an insurer acknowledges a UIM obligation under a particular contract of insurance, it would be bad faith to withhold payment barring execution of a

general release and plaintiffs may well refuse, under those circumstances, to sign one) and did not, when did not, when she agreed to sign the release, require a reservation of rights.  Plaintiff signed a general release and accepted payment.

The agreement released Allstate from "any and all liability ***and*** any and all contractual obligations whatsoever" (emphasis mine), in the conjunctive.  The words have meaning and the unambiguous meaning is that the release applies not only to contractual obligations, but any other kind of liability and that obviously includes tort.  *See Salazar v. State Farm Mut. Auto. Ins. Co.,* 148 P.3d 278 (Colo. App. 2006).

## ORDER

Defendant's Motion for Summary Judgment (Doc. 14) is GRANTED.  This civil action is dismissed.  Plaintiff's Motion For Partial Summary Judgment (Doc. 6) is DENIED as MOOT.  Each party to pay her or its own costs.   Attorney fees will not be assessed either party, and no request for fees should be attempted.


Dated: May 18, 2009                                         /s/ John L. Kane
                                                            SENIOR U.S. DISTRICT JUDGE